IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY JAMAYNE TAYLOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0289-K |
| | § | |
| DALLAS COUNTY JAIL | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. §
636(b) and a standing order of reference from the district court.  The findings and recommendation
of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Corey Jamayne Taylor, a Texas prisoner,
against the Dallas County Jail.  On February 13, 2006, plaintiff tendered a complaint to the district
clerk and filed an application to proceed *in forma pauperis*.  Because the information provided by
plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case,
the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed.  A
*Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about his
claims.  Plaintiff answered the questionnaire on March 31, 2006.  The court now determines that this
case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1]  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

II.

Plaintiff generally alleges that he was denied adequate amounts of food while incarcerated in the Dallas County Jail, which caused him to lose over fifty pounds during a 21-month period. In addition, plaintiff complains about the lack of sanitary conditions, the unavailability of medication to fight off infections, and his exposure to inmates with diseases such as staph, tuberculosis, and hepatitis. By this suit, plaintiff seeks unspecified money damages as compensation for "danger to my health in general."

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (1)      is frivolous or malicious;

      (2)      fails to state a claim upon which relief can be granted; or

      (3)      seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

### A.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas County Jail--the only defendant named in his complaint.  Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit.  *See, e.g.*, *Kariuki v. Dallas County*, No. 3-05-CV-0910-K, 2005 WL 2219197 at *2 (N.D. Tex. Sept. 8, 2005) (Dallas County Jail not a proper defendant with jural existence); *Lindley v. Bowles*, No. 3-02-CV-0595-P, 2002 WL 1315466 at *2 (N.D. Tex. Jun. 12, 2002) (same).  Plaintiff has the burden of showing that the Dallas County Jail has the capacity to be sued.  However, plaintiff fails to allege or otherwise demonstrate that this defendant is a separate legal entity having jural authority.  For that reason alone, dismissal is proper.[2]

### B.

In addition, plaintiff did not properly present his claims to jail officials before filing suit in federal court.  The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002); *see also Alexander v. Tippah County,*

---

[2]  In its *Spears* questionnaire, the court advised plaintiff that the Dallas County Jail is a non-jural entity and invited him to provide the names of other potential defendants.  Plaintiff responded, "I wish not to include any other people in this lawsuit." (*Spears* Quest. #5).

*Mississippi*, 351 F.3d 626, 630 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2071 (2004); *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998).

The Dallas County Jail currently provides a two-step procedure for presenting inmate grievances. The first step requires the inmate to submit a grievance to any staff member. After noting the date and time the grievance is received, the staff member delivers the grievance to the on-duty shift supervisor who, in turn, forwards it to the Grievance Board for review. Upon receipt of a written decision from the Grievance Board, the inmate has five days to submit a written appeal to the Inmate Grievance Appeal Board. The Appeal Board reviews all documents submitted in connection with the appeal and issues a decision, which may be reviewed by the Sheriff. An inmate must pursue his grievance at both steps in order to exhaust his administrative remedies. *See Medrano v. Dallas County Jail Medical Staff*, No. 3-04-CV-1913-M, 2005 WL 106573 at *2 (N.D. Tex. Jan. 18, 2005), *rec. adopted*, 2005 WL 877925 (N.D. Tex. Apr. 14, 2005), *citing Burnett v. Robertson*, No. 3-01-CV-1284-P, 2001 WL 1577495 at *2 (N.D. Tex. Dec. 7, 2001).

Plaintiff did not file any grievances with jail official regarding the quantity of his food. With respect to his other claims, plaintiff filed only a Step 1 grievance. Because plaintiff failed to present his claims to jail officials in a Step 1 and Step 2 grievance, they must be dismissed. *Abney v. Valdez*, No. 3-05-CV-1645-M, 2005 WL 3147863 at *2 (N.D. Tex. Oct. 27, 2005); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (rejecting argument that prisoner "substantially complied" with TDCJ grievance procedure by filing Step 1 grievance).[3]

---

[3] Even had plaintiff exhausted his administrative remedies, his claims based on unsanitary living conditions and exposure to inmates with infectious diseases still would fail as a matter of law. The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute "must be more than *de minimus* [sic], but need not be significant." *Alexander*, 351 F.3d at 630-31. Here, plaintiff admits that he did not contract staph, tuberculosis, hepatitis, or any other illness due to the conditions of his confinement. (*See Spears* Question #2-4). With respect to these claims, plaintiff has not satisfied the "physical injury" requirement.

## <u>RECOMMENDATION</u>

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 10, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE